EL PUEBLO DE PUERTO RICO, demandante y apelante, *v.* FRANCISCO FERNÁNDEZ GONZÁLEZ y FRANCISCO GONZÁLEZ GONZÁLEZ, acusados y apelados.

Núm. 13182.—*Sometido:* Mayo 7, 1948. *Resuelto:* Mayo 17, 1948.

*Hon. Procurador General Luis Negrón Fernández y J. Rivera Barreras, Fiscal del Tribunal Supremo, abogados de El Pueblo, apelante; Gustavo Marrero Ledesma, abogado de los apelados.*

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Francisco Fernández González y Francisco González González fueron acusados de un delito de escalamiento en primer grado. Se les imputaba que penetraron durante las horas de la noche en el establecimiento comercial de Basilio Carrasquillo, con la intención de cometer hurto o ratería, sustrayendo de allí un número de artículos propiedad de Carrasquillo. Los acusados fueron juzgados ante un jurado y declarados culpables. Solicitaron un nuevo juicio por el fundamento de que el veredicto era contrario a la prueba

presentada e insuficiente para justificar el mismo. La corte inferior declaró con lugar la moción y El Pueblo apeló.

██ Basilio Carrasquillo declaró que allá para' el mes de diciembre de 1944 tenía dos establecimientos comerciales en el Barrio Torrecillas Bajas de Canóvanas; que antes del 22 de diciembre el acusado Francisco Fernández González había estado de dependiente en la tienda aquí envuelta, pero que se fué porque no quiso seguir trabajándole a Carrasquillo; que trabajó nueve días para Carrasquillo; que el 23 de diciembre Carrasquillo fué a su establecimiento porque su dependiente, Lauro Vázquez, vino a su casa y le dijo que le habían llevado casi la mitad de la tienda; que se trasladó a la tienda y encontró que la puerta del frente estaba rota y una puerta de atrás abierta; que se habían llevado bastante mercancía, valorada en $150, incluyendo papas, manteca, salchichón, arroz y cebollas; que algunos de estos artículos aparecieron luego en una pieza de caña; que para el 22 de diciembre de 1944 los acusados vivían pegados a la tienda de su propiedad.

En el contrainterrogatorio este testigo declaró que mandó a sacar el permiso de la O. A. P. con el acusado Francisco Fernández, pero que éste inscribió la tienda a su nombre. También declaró que la patente de Sanidad estaba a nombre del testigo, o sea, Basilio Carrasquillo. Que le llamó la atención al acusado porque había puesto el certificado de la O.A.P. a su nombre y que el acusado le respondió: "No es mía, pero voy a trabajar en ella." Declaró, además, este testigo, a preguntas de'la defensa, que convino en pagarle $12 semanales a Francisco Fernández como dependiente, pero que no tuvo que pagarle porque éste no llegó a trabajar.

Angel Luis Rivera declaró que el 22 de diciembre de 1944 vivía en la Central Canóvanas; que los acusados lo fueron a buscar a su casa como a las doce de la noche para que los acompañara al pueblo, porque tenían un muchachito grave; que se levantó y fué con los acusados; que al llegar frente

al establecimiento de Basilio Carrasquillo, los acusados, uno con una pistola y el otro con un mocho, le dijeron que lo querían para transportar un surtido de provisiones de la tienda de Basilio Carrasquillo a una pieza de caña; que lo obligaron a ir al sitio, pero que se fué para su casa, escondiéndose dentro de unas matas de guineo para ver qué hacían los acusados, y los vió cargando en la cabeza unas cosas que metieron dentro de una pieza de caña.

En el contrainterrogatorio declaró que cuando los acusados lo fueron a buscar, ya tenían la tienda descerrajada y tenían los artículos colocados fuera de la tienda. También declaró a preguntas de la defensa que nunca vió a Francisco Fernández vendiendo en la tienda, ni lo conocía como dueño de la misma; que al que vió allí fué a Basilio Carrasquillo.

Lauro Vázquez declaró que allá para el 22 y el 23 de diciembre trabajaba en la tienda de Carrasquillo; que hacía dos días que trabajaba allí; que el 22 de diciembre cerró la tienda como a las seis de la tarde con tódos los artículos que en ella había; que al día siguiente, como a las seis de la mañana, al abrir el establecimiento, notó que la puerta del frente estaba descerrajada y que la puerta de atrás estaba abierta, faltando provisiones, entre otras, arroz, manteca y un saco de papas; que notificó el suceso a Basilio Carrasquillo y al policía Rafael Jusino.

Marcelino Pérez declaró que el 22 de diciembre se encontraba en su casa y como a las once de la noche lo fueron a buscar los acusados para que les fuera a ayudar a sacar unas provisiones de la tienda de Basilio Carrasquillo.

Rafael Jusino declaró que practicó la investigación del caso; que al llegar a la tienda encontró que la puerta del frente había sido descerrajada y que la de atrás estaba abierta; que encontró parte de las provisiones dentro de una pieza de caña cerca de la tienda; que llevó los artículos al cuartel de la policía y más tarde los entregó a Basilio Ca-

rrasquillo mediante un recibo; que interrogó a Francisco Fernández González y en el curso de la investigación le dijo que el escalamiento de Basilio lo tenía preocupado, a lo que Fernández González le replicó: "A Basilio hay que hacerle eso y mucho más."

Al terminar la prueba ofrecida por El Pueblo, los acusados solicitaron un *nonsuit,* que fué denegado por la corte de distrito. Los acusados no presentaron prueba alguna y el jurado los declaró culpables de escalamiento en primer grado.

La base de la resolución concediendo la moción de nuevo juicio fué que "debe dársele otra oportunidad a estos acusados de probar cuál fué el verdadero contrato que medió entre Basilio Carrasquillo y Francisco Fernández González, para ver si al momento de sustraer estos bienes la intención del coacusado Francisco Fernández González fué liquidar forzosamente una posible sociedad de ganancias y pérdidas o de cometer hurto o ratería."

El tribunal de distrito no tuvo el beneficio del récord taquigráfico. Esto puede explicar por qué dicho tribunal se apartó de los hechos al manifestar en su resolución concediendo el nuevo juicio que "Basilio Carrasquillo trató de probar ante la Corte de que Francisco Fernández González era su empleado, pero en el contrainterrogatorio descubrió que era más bien un socio industrial, pues no había convenido sueldos y aunque las mercaderías eran de Basilio Carrasquillo, él estaba esperando qué podía dejar el negocio para entonces hacer el arreglo definitivo con Francisco Fernández González. En otra parte de su declaración dijo que Francisco Fernández González era el encargado de una tienda. Aparece que algunos de los permisos que necesitaba la tienda para operar de la Oficina de Administración de Precios, estaban a nombre de Francisco Fernández González. Pasaron nueve días y Basilio Carrasquillo y Fran-

cisco Fernández González no pudieron llegar a un acuerdo. Durante el contrainterrogatorio de este testigo, Basilio Carrasquillo, se desprende el hecho que él consideraba a Francisco Fernández como su empleado, aunque sin sueldo, 'encargado de la tienda', mientras Francisco Fernández González se consideraba un socio de Basilio Carrasquillo.''

La transcripción de evidencia que tenemos ante nos, no sostiene estas conclusiones de la corte inferior. Por el contrario, Carrasquillo enfáticamente negó que Francisco Fernández González fuera su socio. Si bien primeramente su declaración fué al efecto de que él le ofreció pagarle a Fernández González de acuerdo como fuera el negocio, luego dijo una y otra vez que su oferta fué pagarle $12 semanales y no de acuerdo con las ganancias. Y como hemos visto, el certificado de la O.A.P. se obtuvo sin su conocimiento o autoridad, mientras que el certificado de Sanidad estaba expedido a su nombre. No podemos encontrar en el récord base para sostener la manifestación de la corte de distrito de que Fernández González se consideraba socio de Carrasquillo. Fernández González no declaró; es más, los acusados no ofrecieron prueba de clase alguna.

Del récord surge suficiente evidencia para sostener el veredicto contra ambos acusados. La corte inferior denegó correctamente la moción de nonsuit. Al no presentar prueba los acusados, el jurado estaba justificado en declararlos culpables. Ni la moción de los acusados ni la resolución de la corte de distrito contienen base alguna para justificar la concesión de un nuevo juicio. Los acusados no han radicado alegato en apoyo de la resolución concediéndoles un nuevo juicio. Recientemente hemos dado énfasis al hecho de que sólo los más convincentes motivos justifican la concesión de un nuevo juicio en una causa criminal. Véanse *Pueblo* v. *Ortiz*, ante, pág. 681; *Pueblo* v. *Morales*, 66 D.P.R. 10. La corte de distrito abusó de su discreción al declarar con lugar la moción de nuevo juicio.

*La resolución de la corte de distrito declarando con lugar la moción de nuevo juicio será revocada y se devolverá el caso para que se dicte sentencia.*

El Juez Asociado Sr. De Jesús no intervino.